# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL

Defendant Semaj Roane Rankin (the "Debtor") submits this Memorandum of Law in opposition to the Motion to Compel (the "Motion") filed by Plaintiff Liberty Bail Bond Agency ("Liberty"). Because Defendant has at all times provided thorough discovery answers and responses in this matter, and because Liberty has failed to comply with the requisite provisions of the Rules governing a motion to compel, Liberty's Motion is properly denied in its entirety.

## INTRODUCTION

Liberty's Motion falsely portrays the Debtor as having been dilatory and uncooperative with Liberty in the discovery process, which is simply not the case. The Debtor has provided information to the best of her knowledge and has, indeed, issued supplemental responses in an attempt to work cooperatively with Liberty through the discovery process. Liberty's dissatisfaction with the information produced by Debtor does not mean that the Debtor has not complied with her discovery obligations, and there is no factual basis upon which any of the relief Liberty requests can be granted.

## STATEMENT OF PROCEDURAL HISTORY

Liberty served Interrogatories, Requests for Production, and Requests for Admission on the Debtor on August 30, 2022. (*See* Declaration of Heather L. Marx ("Marx Dec.") at ¶2.) In accordance with Federal Rules of Civil Procedure 33, 34, and 36, the Debtor timely served her Answers and Responses on September 30, 2022.[1] (*See id.* at ¶2 and Exh. A.) Despite the numerous issues with Liberty's inquiries, including errors that made some of the requests and questions nearly incomprehensible as well as the discovery's repeated mischaracterization of the content of the Confession of Judgment provided to Liberty, the Debtor made a good faith effort to attempt to understand what Liberty was asking and respond to those inquiries to the best of her ability. No documents were produced because the Debtor did not have any documents in her possession, custody, or control that fell within the scope of the requests Liberty served. (*See id.* at Exh. A, pp. 20-26.) Also contrary to Liberty's statement in the Motion, the Debtor did not refuse to respond to any of the Requests for Admission served to her. As with the other discovery, each of the

---

[1] Given the intervening birth of her child, the Debtor's signature on the first set of Interrogatories served by Liberty was delayed until November 3, 2022; however, no changes were made to the Answers provided on September 30, 2022. (*See* Marx Dec. at ¶2.)

LEGAL\60548542\2

Responses to Requests for Admission provided a response consistent with the Debtor's ability to understand Liberty's inquiries. (*See* Marx Dec. at Exh. A, pp. 2-10.)

On or about October 19, 2022, and *weeks* after Liberty received the Debtor's Answers and Responses to Liberty's first set of written discovery, Liberty served a "Notice to cure." (*See id*. at ¶3 and Exh. B.) Presumably, and despite its lack of reference, this document was intended to serve as a deficiency notice and effort to meet and confer under Federal Rule of Civil Procedure 37. No requested responsive deadline was included within the Notice. (*See id*. at Exh. B.)

After 4:00 pm on October 31, 2022, and without prior notice, Liberty's counsel called the Debtor's counsel and left a message indicated that he expected a response to the notice to cure by noon the following day or he would file his motion to compel. (*See id.* at ¶4 and Exh. C.) On November 1, 2022, counsel for the Debtor emailed Liberty's counsel in response to that message to indicate the Debtor "just had a baby, and it has caused some scheduling complications. We are working through these issues, and will respond to your notice to cure within two weeks." (*Id.* at ¶4 and Exh. D, p. 2.) In response, Liberty's counsel indicated that he would wait only until November 4th before filing his motion to compel with the Court. (*See id.*)

Despite the significant issues this arbitrarily-established and compressed deadline created (particularly given that weeks had elapsed since the service of Debtor's Answers and Responses), the Debtor responded on November 4, 2022 as demanded with a detailed response to the deficiency notice and supplemental Responses to Requests for Admission responsive to the issues identified in Liberty's deficiency notice. (*See id.* at ¶5 and Exh. E.) In her response to the deficiency notice, the Debtor specifically addressed each of the issues raised in Liberty's October 18th correspondence. (*See id.* at Exh. E.) **Four minutes** after his receipt of the Debtor's supplemental response, Liberty's counsel responded with an indication only that "I will file my motion to compel

this weekend with a request for attorney fees". (*See* Marx Dec. at Exh. D, p. 1.) Presumably because the supplemental information was either not reviewed or reviewed at the most cursory level in the four minutes that elapsed between service and response, Liberty did not indicate why it believed the supplement was deficient or how it failed to address the issues raised in the October 18th correspondence. (*See id.* at Exh. D, p. 1.) Without further comment or exchange in any type of meet and confer process in the following twenty-three days[2], Liberty then proceeded to file its motion to compel on November 27, 2022. (Doc. 21.)

At each turn, the Debtor has attempted to refrain from escalating the unnecessarily rancorous posture this matter has taken and has consistently provided her discovery and her response to Liberty's alleged deficiencies in good faith and in full compliance with her obligations under the Rules of Civil Procedure. In its Motion, Liberty does little to explain how or why it believes the Debtor's discovery is still insufficient.

In regard to the Answers to Interrogatories, the only argument Liberty makes is that "[t]he defendant answered the specific interrogees [sic] that requested for the defendant to state the debt at the time the defendant entered into the Confession of Judgement. The defendant stated the debt was similar to the debt at the time the defendant filed for bankruptcy. Similar is not the same. Question number 1, 2, 3, 4, 6, 9, 10."[3] (Doc. 21 at p. 3, ¶21.)

---

[2] Given the weeks that elapsed between Liberty's receipt of the Debtor's initial discovery and its deficiency notice, as well as the additional weeks that elapsed between Liberty's receipt of Debtor's supplement and the filing of Liberty's motion to compel, it appears that Liberty's insistence on arbitrarily-established and accelerated timelines for the Debtor's response was an entirely unnecessary tactic to push the Debtor into settlement discussions rather than having her file her long-discussed motion to dismiss. (*See, e.g.,* Marx Dec. at Exh. C (referencing "mediation or potential settlement").)

[3] Since Interrogatories number 9 and 10 have nothing to do with issues of the statement of the Debtor's debt (*see* Marx Dec. at Exh. A, pp. 17-18), the Debtor is left without the ability to understand even whether Answers to Interrogatories 9 and 10 are part of Liberty's argument here

In regard to the Responses to Requests for Production, the only argument Liberty makes is that "[t]he defendant did not produce a single document of the debt at the time of [sic] the defendant entered into the Confession of Judgement." (Doc. 21 at p. 3, ¶22.)

Finally, in regard to the Responses to Requests for Production, Liberty's sole complaint is the false allegation that "Defendant refused to answer request for admissions number 4, 5, 6, 7." (Doc. 21 at p. 3, ¶23.) Liberty also alleges that the Debtor "attempted to change their [sic] answers to the admissions originally served" and that "plaintiff did not request the defendant to amend their [sic] answers the admissions." (*Id*. at p. 4, ¶27.)

As discussed below, none of the limited arguments Liberty advances in its Motion are bases for the Court to order further answers or responses from the Debtor, let alone the basis for onerous sanctions on a party being represented on a *pro bono* basis.

## LEGAL ARGUMENT

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b); *see also* Fed. R. Bankr. P. 7026 (making Fed. R. Civ. P. 26 applicable in adversary proceedings).

If a party feels there has been a failure to comply with discovery obligations, the party serving discovery may move for a motion to compel. *See* Fed. R. Civ. P. 37(a); *see also* Fed. R.

---

and, if so, on what basis. Given that this is Liberty's Motion with the burden on Liberty to indicate why it is entitled to relief, and given there is no argument advanced in regard to Interrogatories 9 and 10, Liberty's Motion should be denied as to these two interrogatories on this separate basis.

LEGAL\60548542\2

Bankr. P. 7037 (making Fed. R. Civ. P. 37 applicable in adversary proceedings). However, in connection with making this motion, the moving party "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[4] *Id.*

This certification requirement under Rule 37 is twofold. First, the actual certification document "must accurately and specifically convey to the court who, where, how, when the respective parties attempted to personally resolve the dispute." *In re Johnson*, 408 B.R. 115, 119 (Bankr. S.D. Ohio 2009), quoting *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D.Nev. 1996). It should include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any." *In re Trevino*, 564 B.R. 890, 904 (Bankr. S.D. Tex. 2017). If the moving party fails to provide the required certification, the motion to compel is properly rejected. *See, e.g., Shuffle Master,* 170 F.R.D. at 171; *In re Johnson*, 408 B.R. at 122.

The second requirement under Federal Rule of Civil Procedure 37 is the actual performance of the meet and confer process, "'which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be

---

[4] If the moving party is successful, the Court can require payment to the moving party of the reasonable expenses incurred in making the motion, unless the moving party "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action" or such an award is unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Conversely, if the moving party is not successful, the court "may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party …who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

LEGAL\60548542\2

considered.'" *In re Lane*, 302 B.R. 75, 79 (Bankr. D. Idaho Oct. 9, 2003), quoting *Shuffle Master*, 170 F.R.D. at 170. "Good faith" under Rule 37(a) "'contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute … and faithfulness to one's obligation to secure information without court action …" *Id.* at 79, quoting *Shuffle Master*, 170 F.R.D. at 171. Additionally, "'[G]ood faith cannot be shown merely through perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.*, quoting *Shuffle Master*, 170 F.R.D. at 171. *See also In re Lisse*, 565 B.R. 903, 909 (Bankr. W.D. Wis. 2017) (denying a motion to compel for failure to confer on a good faith basis and disregarding an after-the-fact document purporting to be a Rule 37 certification where "the parties had some exchange…[and] the exchange frames the [moving party's] view of the deficiencies of the responses to be that all relevant objections must be withdrawn and the interrogatories be 'fully' responded to meaning, apparently, that answers acceptable to the Debtor be provided to all interrogatories and other discovery requests").

Furthermore, the Rules and well-established case law both confirm that the Court must limit discovery when it is overly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C); *In re Olympia Holding Corp.*, 189 B.R. 846, 858 (Bankr. M.D. Fla. 1995) (holding a discovery request improper because it was "unreasonable and unduly burdensome"); *In re Gradolph*, 233 B.R. 636, 638 (Bankr. W.D.N.Y. 1999) (finding that certain of the discovery at issue was "either irrelevant or overly broad. They are, therefore, burdensome.").

In this case, these guiding legal principles require that the Court deny Liberty's Motion for a number of independent reasons. First, Liberty did not include the certification required by Rule

37(a).  (*See* Doc. 20-1, *passim.*)  That, by itself, requires denial of the Motion.  *See In re Johnson*, 408 B.R. at 119-20; *In re Trevino*, 564 B.R. at 911.

Second, the record establishes that Liberty did not actually meet and confer in good faith in an effort to avoid vexing the Court with this Motion.  After repeatedly establishing unnecessarily limited and arbitrary deadlines for response, Liberty took the sum total of ***four minutes*** to respond to the Debtor's supplemental Responses and responsive points with a single sentence, and it offered absolutely ***no*** further discussion as to why or now that information and supplement was insufficient either at that time or in the weeks that followed before this Motion was filed.  (*See* Marx Dec. at Exhs. C, D.)  This is not the good faith, cooperative effort required either by the Rules or the case law.  *See In re Trevino*, 564 B.R. at 904; *In re Johnson*, 408 B.R. at 119-20; *In re Lisse*, 565 B.R. at 909.

Finally, Liberty does not carry its substantive burden to demonstrate how the Debtor's Answers and Responses were deficient. In regard to the Requests for Production, the Debtor cannot produce records she does not have.  In regard to the Interrogatories, the suggestion that the Debtor must revert to a specific day and recreate her exact financial picture on that day is not only an obligation to create documents not established by the Rules but is also facially overbroad and unduly burdensome.  *See, e.g., In re Olympia Holding Corp.*, 189 B.R. at 858; *In re Gradolph*, 233 B.R. at 638.

Finally, in regard to the Requests for Admission, each of the Responses the Debtor propounded met the substance of the inquiry.  Further, the Debtor supplemented her Responses to those Requests in response to the issues raised by Liberty in its deficiency notice.  (*See* Marx Dec. at Exh. E.) While Liberty may not like or agree with the Responses, the fact is that it has Responses to its inquiries, and those Responses comply with the Rules.  *See also* Fed. R. Civ. P. 26(e)

8

(requiring supplementation of responses "to an interrogatory, requests for production or request for admission" as warranted).

Debtor has upheld her obligations to provide discovery information timely and thoroughly. If any gamesmanship has occurred in this process, it is not hers, and there is neither a procedural or legal basis upon which Liberty's Motion can be granted in any regard.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests the Court enter an order denying Liberty's motion to compel in its entirety.

Dated:  December 6, 2022

**COZEN O'CONNOR**

  /e/ Heather L. Marx
Joel D. Nesset (#030475X)
Heather L. Marx (#321163)
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone:  612-260-9000
Fax:  612-260-9080

*Attorneys for Defendant*

LEGAL\60548542\2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## DECLARATION OF HEATHER L. MARX IN SUPPORT OF THE DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL

Heather L. Marx, being duly sworn on oath, states and alleges as follows:

1.     I am one of the attorneys representing Defendant Semaj Roane Rankin (the "Debtor") in the above-captioned matter.  I make this Declaration in support of the Debtor's Memorandum of Law in Opposition to Motion to Compel.  The contents of this Declaration are based upon my personal knowledge and are true and correct to the best of my knowledge and understanding.

2.     Plaintiff Liberty Bail Bond Agency ("Plaintiff") served Interrogatories, Requests for Production, and Requests for Admission on the Debtor on August 30, 2022.  In accordance

with Federal Rule of Civil Procedure 34, the Debtor timely served her Answers and Responses on September 30, 2022. A true and correct copy of the Debtor's September 30, 2022 service is attached here as **Exhibit A**. Given the intervening birth of her child, the Debtor's signature on the first set of Interrogatories served by Liberty was delayed until November 3, 2022; however, no changes were made to the Answers provided on September 30, 2022 when that signature was later provided.

3. On or about October 19, 2022, and weeks after Liberty received the Debtor's Answers and Responses to Liberty's first set of written discovery, Liberty served a "Notice to cure." A true and correct copy of that Notice to cure, as received by our office, is attached here as **Exhibit B**.

4. A true and correct copy of a message left by Liberty's counsel with our office on October 31, 2022 is attached here as **Exhibit C**. This record was made at or near the time of the call placed by Plaintiff's counsel by someone with direct knowledge of the content of the message left by Plaintiff's counsel and is a record kept in the course of the regularly-conducted business of our firm.

5. A true and correct copy of email exchanges with Liberty's counsel is attached here as **Exhibit D**. These emails are also kept in the course of the regularly-conducted business of our firm.

6. A true and correct copy of the Debtor's November 4, 2022 response to Liberty's Notice to cure, as the same was served on Liberty's counsel on November 4, 2022, is attached here as **Exhibit E**.

**I declare under penalty of perjury that everything I have stated in this document is true and correct.**

Executed: December 6, 2022           ___/s/ Heather L. Marx_____.
Heather L. Marx

# EXHIBIT A



September 30, 2022

**Heather L. Marx**
Direct Phone   612-260-9004
Direct Fax      612-260-9084
hmarx@cozen.com

**VIA EMAIL TO LARRYJLAVER23@MSN.COM
AND U.S. MAIL**

Larry John Laver
The Reserves
724 Bielenberg Drive, Suite 26
Woodbury, MN 55125

Re:      RE:      **Liberty Bail Bond Agency v. Rankin
                ADV Case No. 22-04038**

Dear Mr. Laver:

Enclosed and served upon you in the above referenced Adversary Proceeding please find the following:

1.      Defendant Semaj Roane Rankin's Responses to Plaintiff's First Set of Requests for Admissions;

2.      Defendant Semaj Roane Rankin's Answers to Plaintiff's First Set of Interrogatories; and

3.      Defendant Semaj Roane Rankin's Responses to Plaintiff's First Set of Requests for Production of Documents.

The Defendant's signature will be supplied upon receipt.

Sincerely,

COZEN O'CONNOR

Heather L. Marx

HLM:aek

Enclosures

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| _____ | |
| LIBERTY BAIL BOND AGENCY, | Adv. Case No. 22-04038 |
| Plaintiff, | |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## DEFENDANT SEMAJ ROANE RANKIN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

TO:     PLAINTIFF ABOVE NAMED AND ITS COUNSEL OF RECORD, LARRY JOHN LAVER, ESQ., 724 BIELENBERG BLVD., SUITE 26, WOODBURY, MN 55125.

      Pursuant to Rule 36 of the Federal Rule of Civil Procedure and Rule 7036 of the Federal Rules of Bankruptcy Procedure, Defendant Semaj Roane Rankin ("Defendant") submits the following General Objections and Responses to the Requests for Admission propounded by Plaintiff Liberty Bail Bond Agency ("Plaintiff").

LEGAL\59760627\1

## GENERAL STATEMENTS AND OBJECTIONS

Defendant objects to each and every one of the Plaintiff's Requests for Admission on the following grounds. Each of these objections is hereby incorporated into Defendant's separate Response to each of the Plaintiff's Requests for Admission.

1.     Defendant objects to each of the Plaintiff's Requests for Admission to the extent of the same seeks to impose obligations above and beyond those imposed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as appliable to this case.

2.     Defendant objects to each of the Plaintiff's Requests for Admission to the extent the same seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection recognized under applicable law. Defendant construes the Requests not to seek such privileged or protected information, and gives notice that her Responses will not reveal the same.

3.     Defendant objects to each of the Plaintiff's Requests for Admission to the extent the same seeks disclosure of information where such disclosure would violate any constitutional, statutory, or common-law privacy rights of any entity or person, any confidentiality agreement, or calls for the disclosure of proprietary or financial information that is not available to the general public.

4.     Defendant objects to each of the Plaintiff's Requests for Admission to the extent the same is vague, ambiguous, or uncertain.

5.     To the extent Defendant ultimately responds to the Plaintiff's Requests for Admission, she does not concede that the information requests is relevant to this action. Defendant expressly reserves the right to object to further discovery into the subject matter of the requested categories. Defendant expressly reserves the right to object on any ground

whatsoever to the admission into evidence or other use of any information produced in response to the Plaintiff's Requests for Admission at the trial of this matter, at any other proceedings in this matter, or in any other action.

6.      Defendant has not yet completed either discovery or her own investigation of the facts and documents relating to this action. Accordingly, Defendant reserves the right to revise, supplement, or clarify her Reponses to these Requests as may be necessary.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** You admit and confirm that your debt at the time you entered into Confession of Judgment shown as attachment "A", you were not able to pay $150 per month.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 2:** You admit and confirm that your debt at the time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "debt" and whether that is singular, collective, or somehow otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her debts are as listed in her sworn Bankruptcy Petition.

LEGAL\59760627\1

**REQUEST FOR ADMISSION NO. 3:** You admit and confirm that your assets at time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "assets" and whether that is singular, collective, or somehow otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her assets are as listed in her sworn Bankruptcy Petition.

**REQUEST FOR ADMISSION NO. 4:** You admit and confirm that your assets at the time you entered into Confession of Judgment shown as attachment "A" dated 4/6/2021, was less than the wage you earned at the time you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "assets" and whether that is singular, collective, or somehow otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her assets and wages are as listed in her sworn Bankruptcy Petition.

**REQUEST FOR ADMISSION NO. 5:** You admit and confirm that you communicated to Liberty Bail Bind Agency [sic] and the attorney liberty Bail Bond agency [sic] you were able to afford a payment of $150 per month, for the confession of judgment you entered into; shown as attachment "A" dated 4/6/2021.

LEGAL\59760627\1

**RESPONSE:** Objection. This Request contains errors and is vague and overly broad as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, without waiving the same, and to the extent Defendant understands the Plaintiff's inquiry, this Request is denied.

**REQUEST FOR ADMISSION NO.6:** You admit and confirm the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown as attachment "A" was with the intent to deceive the creditor Liberty Bail Bond.

**RESPONSE:** Objection. This Request contains errors and is vague and overly broad as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, without waiving the same, and to the extent Defendant understands the Plaintiff's inquiry, this Request is denied.

**REQUEST FOR ADMISSION NO.7:** You admit and confirm the creditor Liberty Bail Bond relied on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown as attachment "A".

**RESPONSE:** Objection. This Request is overly broad, speculative, and vague as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's

General Objections, and without waiving the same, Defendant lacks sufficient information to admit or deny anything regarding Plaintiff's reliance and therefore denies this Request.

**REQUEST FOR ADMISSION NO.8:** You admit and confirm the creditor Liberty Bail Bond suffered damages because of they [sic] reliance that you made as shown as Attachment "B".

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO.9:** relied [sic] on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown at Attachment "A".

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO.10:** You admit and confirm that if you continue to pay your contractual obligation of $150 per month, interest would not have been applied as a term and condition as stated in the confession of judgment dated 4/6/2021.

**RESPONSE:** Objection. This Request is vague as phrased. Notwithstanding this objection or Defendant's General Objections, and without waiving the same, Defendant admits only that the terms of the Confession of Judgment speak for themselves.

**REQUEST FOR ADMISSION NO.11:** You admit and confirm Liberty Bail Bond suffered damages because of their reliance that you made as shown as Attachment "B".

**RESPONSE:** Denied.

LEGAL\59760627\1

**REQUEST FOR ADMISSION NO.12:** You admit and confirm that if the court was to issue an order in the month of September 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,656 which includes the balance of the contract plus interest, excluding attorney fees.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.13:** You admit and confirm that if the court was to issue an order in the month of October 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,675 which includes the balance of the contract plus interest, excluding attorney fees.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.14:** You admit and confirm that if the court was to issue an order in the month of October November [sic] 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,693 which includes the balance of the contract plus interest, excluding attorney fees.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

LEGAL\59760627\1

**REQUEST FOR ADMISSION NO.15:** You admit and confirm that Liberty Bonding Agency [sic] has incurred attorney fees per contract for as observed in the Confessions of Judgment dated 4/6/2021.

**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.16:** You admit and confirm the attorney fees listed as Attachment "C" is fair and reasonable for the work the attorney was required to bring this action.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO.17:** You admit and confirm the court should enter an order that reflects the damages incurred for this action.

**RESPONSE:** Denied.

Dated: September 30, 2022

By: /s/ Jiayuan "Kirby" Li
      Jiayuan "Kirby" Li
      Li000055@stthomas.edu

By: /s/ Troy Dobbs
      Troy Dobbs
      Tjdobbs@stthomas.edu
      30 S. 10th Street, Suite 100
      Minneapolis, MN 55403-2009
      Telephone: 651-962-4804
      Fax: 651-962-4969

**CERTIFIED LAW STUDENT PRACTITIONERS
FOR DEFENDANT SEMAJ ROANE RANKIN**

LEGAL\59760627\1

**COZEN O'CONNOR**

By: /s/ *Heather L. Marx*
     Thomas G. Wallrich (213354)
     Heather L. Marx (#321163)
     33 South Sixth Street, Suite 3800
     Minneapolis, MN 55402
     Telephone:  612-260-9000
     Fax:  612-260-9080
     twallrich@cozen.com
     hmarx@cozen.com

**ATTORNEYS FOR DEFENDANT SEMAJ ROANE RANKIN**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| _____ | |
| LIBERTY BAIL BOND AGENCY, | Adv. Case No. 22-04038 |
| Plaintiff, | |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## DEFENDANT SEMAJ ROANE RANKIN'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

TO:   PLAINTIFF ABOVE NAMED AND ITS COUNSEL OF RECORD, LARRY JOHN LAVER, ESQ., 724 BIELENBERG BLVD., SUITE 26, WOODBURY, MN 55125.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 7033 of the Federal Rules of Bankruptcy Procedure, Defendant Semaj Roane Rankin ("Defendant") submits the following General Objections and Answers to the First Set of Interrogatories propounded by Plaintiff Liberty Bail Bond Agency ("Plaintiff").

## GENERAL OBJECTIONS

1.    Defendant has not concluded her investigation of the facts related to this case, formal discovery, or preparation for trial. For that reason, there may exist documents or

information responsive to this discovery that Defendant has not yet located, identified, or reviewed, and her Answers to these Interrogatories may therefore be incomplete. There is also a possibility that, upon further investigation, certain details set forth in these Answers may be altered or amended. These Answers to discovery represent Defendant's reasonable effort to provide the information requested based upon information and documents in her possession, custody, or control, and based upon Defendant's current knowledge. Defendant reserves the right to produce evidence of any subsequently discovered fact or facts, to alter or amend these Answers, and otherwise assert factual and legal contentions if additional facts are ascertained, analyses made, and legal research completed.

2.    Defendant objects generally to the Interrogatories to the extent that they seek discovery of:

    a.    Information subject to the attorney-client privilege or to any other privilege;

    b.    Information constituting the work product of Defendant of her attorneys; and/or

    c.    Documents prepared in anticipation of litigation or trial by or for Defendant or her representatives.

In particular, letters, memoranda, and other writings transmitted by or between Defendant and her counsel or writings prepared and maintained internally by Defendant's counsel that have not been disclosed to third parties are not included in these Answers.

3.    Defendant objects to these Interrogatories to the extent they purport to impose an obligation of continuing supplementation beyond that imposed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Defendant will further supplement her Answers, if necessary, in accordance with the requirements of Rule 26.05 of the Federal Rules of Civil Procedure, and Rule 26 of the Federal Rules of Bankruptcy Procedure, and any applicable Orders of this Court.

4.      Defendant does not waive any of her general or particular objections in the event she may furnish materials or information coming within the scope of any such objections.

5.      Defendant objects to these Interrogatories insofar as they may be construed as limiting or restricting Defendant's right to rely upon any document or information for any purpose whatsoever, including but not limited to, the use of responsive documents or information as evidence at a subsequent hearing, trial, or other proceeding.

6.      Defendant objects to these Interrogatories to the extent that they are not limited to information within Defendant's possession, custody, or control.

7.      Defendant objects generally to these Interrogatories to the extent that they call for information on "any" or "all" or "every" topic of a specified nature or type, when a limited amount of such information will suffice, on the grounds that such an inquiry is overly broad, unduly burdensome, and oppressive.

8.      Defendant objects generally to these Interrogatories to the extent that they for the disclosure of information which "references, discusses, or relates to" a particular entity, subject or object on the grounds that such an inquiry is vague, overly broad, and unduly burdensome and may call for privileged information.

9.      Defendant will make reasonable efforts to respond to these Interrogatories to the extent that Defendant understands and interprets the Interrogatories and no objection is made. If Plaintiff subsequently asserts an interpretation of an inquiry that differs from that of Defendant, Defendant reserves the right to supplement her objections and/or Answers.

10.     The general objections set forth above, and the specific objections to the Interrogatories set forth below, are made as to matters that are clearly objectionable from the face of the specified inquiry. These objections are made without prejudice to or waive of Defendant's

right to object on all appropriate grounds for the production of specific categories of documents or information.

Subject to all the foregoing General Objections/Initial Statements, Defendant provides the following Answers to Plaintiff's First Set of Interrogatories as follows:

<u>**ANSWERS TO INTERROGATORIES**</u>

**<u>INTERROGATORY NO.1</u>:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any and all outstanding debt at the time you entered into the Confession of Judgment dated 4/6/2021. Please provide the information using Schedule E/F of the Bankruptcy Petition.

**<u>ANSWER</u>:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant states that her debts on or around April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**<u>INTERROGATORY NO.2</u>:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any and all assets including wages at the time you entered into the Confession of Judgment dated 4/6/2021. Please provide the information using Schedule A/B of the Bankruptcy Petition

**<u>ANSWER</u>:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's

LEGAL\59760975\1

General Objections, and without waiving the same, Defendant states that her assets on or around April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**INTERROGATORY NO.3:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any and all employment/income at the time you entered into the Confession of Judgment dated 4/6/2021. Please provide the information using Schedule I of the Bankruptcy Petition.

**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant states that her income on or around April 6, 2021, was substantially similar to that listed in her sworn Bankruptcy Petition.

**INTERROGATORY NO.4:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any and all expenses at the time you entered into the Confession of Judgment dated 4/6/2021. Please provide the information using Schedule J of the Bankruptcy Petition.

**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant states that her expenses on or around April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**INTERROGATORY NO.5:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any conversation, email or any other form of communication that you as the debtor were able to make the monthly payment as observed in Attachment A.

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.6:** Compare and contrast the debt you as the debtor owed at the time you entered into the Confession of Judgment date [sic] 4/6/2021 and the debt listed on your Bankruptcy Petition and state what additional debt you as the debtor incurred with the exception of the Confession of Judgment from 4/6/2021 to the date of your filing for bankruptcy.

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, see Answer to Interrogatory No. 1, above.

**INTERROGATORY NO.7:** Provide any information, email, conversation or any other communication representing you were able to pay the $150 per month as observed in the Confession of Judgment dated 4/6/2021 was not a false representation.

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or

LEGAL\59760975\1

Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.8:** Provide any information, email, conversation or any other communication that representation you made to pay the $150 per month as observed in the Confession of Judgment dated 4/6/2021 was not a representation that was made with the intent to deceive the creditor so the creditor would not obtain a judgment against you.

**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.9:** Provide in detail what steps the Bonding company [sic] would take if you did not enter into the Confession of Judgment date [sic] 4/6/2021.

**ANSWER:** Objection. This Interrogatory calls for, at least in part, pure conjecture and speculation. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not have sufficient information and is not qualified to speculate on what actions Plaintiff may or may not have taken had Defendant not signed the Confession of Judgment.

**INTERROGATORY NO.10:** Please provide any information, email, conversation, or any other communication that you are aware of where the creditor relied on the statements made by you or a representation for you that the creditor reliance on your statement was justifiable.

LEGAL\59760975\1

**ANSWER:** Objection. This Interrogatory is, at least in part, vague and overly broad. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant has no information as to if or how Plaintiff might have perceived unspecified communications with their representatives.

Dated: September ___, 2022

_____
Semaj Roane Rankin

Subscribed and sworn before me
this ___ day of September, 2022

_____
Notary Public
My commission expires: _____

As to objections only and in compliance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure:

Dated: September 30, 2022

By: /s/ Jiayuan "Kirby" Li_____
     Jiayuan "Kirby" Li
     Li000055@stthomas.edu

By: /s/ Troy Dobbs_____
     Troy Dobbs
     Tjdobbs@stthomas.edu
     30 S. 10th Street, Suite 100
     Minneapolis, MN 55403-2009
     Telephone: 651-962-4804
     Fax: 651-962-4969

**CERTIFIED LAW STUDENT PRACTITIONERS**
**FOR DEFENDANT SEMAJ ROANE RANKIN**

LEGAL\59760975\1

**COZEN O'CONNOR**

By: /s/ *Heather L. Marx*
       Thomas G. Wallrich (213354)
       Heather L. Marx (#321163)
       33 South Sixth Street, Suite 3800
       Minneapolis, MN 55402
       Telephone:  612-260-9000
       Fax:  612-260-9080
       twallrich@cozen.com
       hmarx@cozen.com

**ATTORNEYS FOR DEFENDANT SEMAJ ROANE RANKIN**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| | |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| | |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| _____ | |
| LIBERTY BAIL BOND AGENCY, | Adv. Case No. 22-04038 |
| | |
| Plaintiff, | |
| v. | |
| SEMAJ ROANE RANKIN, | |
| | |
| Defendant. | |

### DEFENDANT SEMAJ ROANE RANKIN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:     <u>PLAINTIFF ABOVE NAMED AND ITS COUNSEL OF RECORD, LARRY JOHN LAVER, ESQ., 724 BIELENBERG BLVD., SUITE 26, WOODBURY, MN 55125.</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Semaj Roane Rankin ("Defendant") submits the following General Objections and Responses to the First Set of Requests for Production of Documents propounded by Plaintiff Liberty Bail Bond Agency ("Plaintiff").

1

# GENERAL STATEMENTS AND OBJECTIONS

Defendant objects to each and every one of Plaintiff's Requests for Production of Documents on the following grounds. Each of these objections is hereby incorporated into Defendant's separate Response to each of Plaintiff's Requests for Production.

1.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks to impose obligations above and beyond those imposed by the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure as applicable to this case.

2.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection recognized under applicable law. Defendant construes the Requests not to seek such privileged or protected information and gives notice that her Responses will not reveal the same.

3.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead the discovery of admissible evidence.

4.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks disclosure of information where such disclosure would violate any constitutional, statutory, or common-law privacy rights of any entity or person, any confidentiality agreement, or calls for the disclosure of proprietary or financial information that is not available to the general public.

5.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks addresses, telephone numbers, or other personal or private information for or

about any individual where such information, if disclosed, would invade the privacy interests of those individuals to an extent incommensurate with Plaintiff's legitimate discovery needs.

6.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same is vague, ambiguous, or uncertain.

7.      Defendant objects to each of Plaintiff's Requests for Production to the extent the scope is overbroad and to respond would subject Defendant to undue oppression, burden, harassment, or expense.

8.      Defendant objects to each of Plaintiff's Requests for Production to the extent the same seeks information "relating to" or "pertaining to" particular subjects, to the extent that such Request is overbroad and unduly burdensome, given the context of the question.

9.      To the extent Defendant ultimately responds to Plaintiff's Requests for Production, she does not concede that the information requested is relevant to this action. Defendant expressly reserves the right to object to further discovery into the subject matter of the requested categories. Defendant expressly reserves the right to object on any ground whatsoever to the admission into evidence or other use of any information produced in response to Plaintiff's Requests for Production at the trial of this matter, at any other proceeding in this matter, or in any other action.

10.     The fact that Defendant may assert her objections in responding to individual Requests for Production should not be construed in any way as limiting the applicability of each of the foregoing objection to each of Defendant's Responses.

LEGAL\59761317\1

11.     Defendant has not yet completed either discovery or her own investigation of the facts and documents relating to this action. Accordingly, Defendant reserves the right to revise, supplement, or clarify her Responses to these Requests as may be necessary.

## <u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

**<u>REQUEST NO. 1</u>:** Provide any document to support the answer you submitted for Interrogatory No. 1.

**<u>RESPONSE</u>:** See Defendant's Answer to Interrogatory No. 1.  The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**<u>REQUEST NO. 2</u>:** Provide any document to support the answer you submitted for Interrogatory No. 2.

**<u>RESPONSE</u>:** See Defendant's Answer to Interrogatory No. 2. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**<u>REQUEST NO. 3</u>:** Provide any document to support the answer you submitted for Interrogatory No. 3.

**<u>RESPONSE</u>:** See Defendant's Answer to Interrogatory No. 3. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**<u>REQUEST NO. 4</u>:** Provide any document to support the answer you submitted for Interrogatory No. 4.

4

**RESPONSE:** See Defendant's Answer to Interrogatory No. 4. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**REQUEST NO. 5:** Provide any document to support the answer you submitted for Interrogatory No. 5.

**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 5.

**REQUEST NO. 6:** Provide any document to support the answer you submitted for Interrogatory No. 6.

**RESPONSE:** See Defendant's Answer to Interrogatory No. 6. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**REQUEST NO. 7:** Provide any document to support the answer you submitted for Interrogatory No. 7.

**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 7.

**REQUEST NO. 8:** Provide any document to support the answer you submitted for Interrogatory No. 8.

**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 8.

**REQUEST NO. 9:** Provide any document to support the answer you submitted for Interrogatory No. 9.

**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 9.

**REQUEST NO. 10:** Provide any document to support the answer you submitted for Interrogatory No. 10.

**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 10.

Dated: September 30, 2022

By: /s/ Jiayuan "Kirby" Li
    Jiayuan "Kirby" Li
    Li000055@stthomas.edu

By: /s/ Troy Dobbs
    Troy Dobbs
    Tjdobbs@stthomas.edu
    30 S. 10th Street, Suite 100
    Minneapolis, MN 55403-2009
    Telephone: 651-962-4804
    Fax: 651-962-4969

**CERTIFIED LAW STUDENT PRACTITIONERS FOR DEFENDANT SEMAJ ROANE RANKIN**

**COZEN O'CONNOR**

By: /s/ *Heather L. Marx*
    Thomas G. Wallrich (213354)
    Heather L. Marx (#321163)
    33 South Sixth Street, Suite 3800
    Minneapolis, MN 55402
    Telephone:  612-260-9000
    Fax:  612-260-9080
    twallrich@cozen.com
    hmarx@cozen.com

**ATTORNEYS FOR DEFENDANT SEMAJ ROANE RANKIN**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

SEMAJ ROANE RANKIN

          Debtor.

Chapter 7

Bankr. Case No. 22-40984

Honorable Judge Kesha L. Tanabe

LIBERTY BAIL BOND AGENCY,

          Plaintiff,

v.

SEMAJ ROANE RANKIN,

          Defendant.

Adv. Case No. 22-04038

---

**AFFIDAVIT OF SERVICE**

---

Amy E. Kulbeik, an employee of Cozen O'Connor, and in the course of said employment on September 30, 2022, caused the following:

1. Defendant Semaj Roane Rankin's Responses to Plaintiff's First Set of Requests for Admissions;
2. Defendant Semaj Roane Rankin's Answers to Plaintiff's First Set of Interrogatories; and
3. Defendant Semaj Roane Rankin's Responses to Plaintiff's First Set of Requests for Production of Documents.

to be served via email to larryjlaver23@msn.com and by enclosing the same in an envelope, postage prepaid, and depositing same in the post office at Minneapolis, Minnesota, directed to said party below, as follows:

Larry John Laver
The Reserves
724 Bielenberg Drive, Suite 26
Woodbury, MN 55125

Dated: September 30, 2022

/e/ Amy Kulbeik
Amy Kulbeik

# EXHIBIT B

Larry John Laver, Attorney at Law
The Reserves
724 Bielenberg Drive, Suite 26
Woodbury, MN 55125

Phone: (651) 653-1616
Fax:    upon request
E-mail: larryjlaver23@msn.com

10/18/2022

Service via e-service

Re: The Bankruptcy of Semaj Roane Rankin
Court file number: 22-40984
Adv. No. 22-4038

To: Attorney representing the debtor

Miss Rankin:

Please find and serve upon you the following document(s):

1. Notice to cure

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** You admit and confirm that your debt at the time you entered into Confession of Judgment shown as attachment "A", you were not able to pay $150
per month.

**RESPONSE:** Denied.

**Notice to Cure: Non-Responsive**

**As requested by the discovery documents, if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative.**

**In addition, you are to provide any documentation that would remotely indicate that you were able to pay $150 per month.**

**REQUEST FOR ADMISSION NO. 2:** You admit and confirm that your debt at the time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "debt" and whether that is singular, collective, or somehow

otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her debts are as listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward. Either the debts were the same listed in her bankruptcy as when she entered into the Confession of Judgement, or they were not. If they are not, then provide the debts that were present at the time the debtor enter into Confession of Judgement that would be an addition to or a subtraction from the debts listed on her bankruptcy. Throughout the interrogatories you have stated the debts were similar. Similar is not the same.**

**REQUEST FOR ADMISSION NO. 3:** You admit and confirm that your assets at time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "assets" and whether that is singular, collective, or somehow otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her assets are as listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward. Either the assets were the same listed in her bankruptcy as when she entered into the Confession of Judgement, or they were not. If they are not, then provide the assets that were present at the time the debtor enter into Confession of Judgement that would be an addition to or a subtraction from the assets listed on her bankruptcy. Throughout the interrogatories you have stated the assets were similar. Similar is not the same.**

**REQUEST FOR ADMISSION NO. 4:** You admit and confirm that your assets at the time you entered into Confession of Judgment shown as attachment "A" dated 4/6/2021, was less than the wage you earned at the time you filed your bankruptcy.
**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the term "assets" and whether that is singular, collective, or somehow otherwise calculated. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant admits only that her assets and wages are as listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward. Either the wages listed in her bankruptcy was either the same or different. If the earned by the debtor was the same as the time she filed for the bankruptcy, simply state they were the**

same. If not, provide the information of the wages of the debtor at the time she entered into the Confession of judgment.

**REQUEST FOR ADMISSION NO. 5:** You admit and confirm that you communicated to Liberty Bail Bind Agency [sic] and the attorney liberty Bail Bond agency [sic] you were able to afford a payment of $150 per month, for the confession of judgment you entered into; shown as attachment "A" dated 4/6/2021.

**RESPONSE:** Objection. This Request contains errors and is vague and overly broad as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, without waiving the same, and to the extent Defendant understands the Plaintiff's inquiry, this Request is denied.

**Notice to Cure: Non-Responsive**

**There is no statute or case law that allows you to deny a request for admission. Liberty Bail Bond agency is the correct name of the Plaintiff in this case. Provide an answer.**

**REQUEST FOR ADMISSION NO.6:** You admit and confirm the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown as attachment "A" was with the intent to deceive the creditor Liberty Bail Bond.

**RESPONSE:** Objection. This Request contains errors and is vague and overly broad as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, without waiving the same, and to the extent Defendant understands the Plaintiff's inquiry, this Request is denied.

**Notice to Cure: Non-Responsive**

**There is no statute or case law that allows you to deny a request for admission. This admission it's based on the interview of your client. The debtor would have this opinion. You will note the debtor never signed discovery under oath. And you, as the attorney or the student attorney does not have personal knowledge to answer these questions on behalf of the debtor. Provide an answer.**

**REQUEST FOR ADMISSION NO.7:** You admit and confirm the creditor Liberty Bail Bond relied on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown as attachment "A".

**RESPONSE:** Objection. This Request is overly broad, speculative, and vague as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's

General Objections, and without waiving the same, Defendant lacks sufficient information to admit or deny anything regarding Plaintiff's reliance and therefore denies this Request.

**Notice to Cure: Non-Responsive**

**There is no statute or case law that allows you to deny a request for admission. You can state the debtor lacks personal knowledge on the admission and you that as your answer, but not deny the request for admission. Provide an answer.**

**REQUEST FOR ADMISSION NO.8:** You admit and confirm the creditor Liberty Bail Bond suffered damages because of they [sic] reliance that you made as shown as Attachment "B".
**RESPONSE:** Denied.

**Notice to Cure: Non-Responsive**

**As requested by the discovery documents, if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative.**

**REQUEST FOR ADMISSION NO.9:** relied [sic] on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown at Attachment "A".
**RESPONSE:** Denied.

**Notice to Cure: Non-Responsive**

**As requested by the discovery documents, if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative.**

**REQUEST FOR ADMISSION NO.10:** You admit and confirm that if you continue to pay your contractual obligation of $150 per month, interest would not have been applied as a term and condition as stated in the confession of judgment dated 4/6/2021.
**RESPONSE:** Objection. This Request is vague as phrased. Notwithstanding this objection or Defendant's General Objections, and without waiving the same, Defendant admits only that the terms of the Confession of Judgment speak for themselves.

**REQUEST FOR ADMISSION NO.11:** You admit and confirm Liberty Bail Bond suffered damages because of their reliance that you made as shown as Attachment "B".
**RESPONSE:** Denied.

**Notice to Cure: Non-Responsive**

**As requested by the discovery documents, if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative.**

**REQUEST FOR ADMISSION NO.12:** You admit and confirm that if the court was to issue an order in the month of September 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,656 which includes the balance of the contract plus interest, excluding attorney fees.
**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.13:** You admit and confirm that if the court was to issue an order in the month of October 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,675 which includes the balance of the contract plus interest, excluding attorney fees.
**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.14:** You admit and confirm that if the court was to issue an order in the month of October November [sic] 2022, the amount of damages incurred by Liberty Bonding Company [sic] would be $4,693 which includes the balance of the contract plus interest, excluding attorney fees.
**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.15:** You admit and confirm that Liberty Bonding Agency [sic] has incurred attorney fees per contract for as observed in the Confessions of Judgment dated 4/6/2021.
**RESPONSE:** Defendant lacks sufficient information to admit or deny this Request and therefore denies the same.

**REQUEST FOR ADMISSION NO.16:** You admit and confirm the attorney fees listed as Attachment "C" is fair and reasonable for the work the attorney was required to bring this action.
**RESPONSE:** Denied.

**Notice to Cure:**
**As requested by the discovery documents, if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative.**

**REQUEST FOR ADMISSION NO.17:** You admit and confirm the court should enter an order that reflects the damages incurred for this action.
**RESPONSE:** Denied.

**Notice to Cure:**
**As requested by the discovery documents, if you provided an answer "denied" you were**
**requested to provide any evidence or an explanation of why you answered in the negative.**

**INTERROGATORY NO.1:** Referring to Attachment A titled Confession of Judgment.
State with picturality [sic] any and all outstanding debt at the time you entered into the
Confession of Judgment dated 4/6/2021. Please provide the information using Schedule E/F of
the Bankruptcy Petition.
**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts
to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure
or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's
General Objections, and without waiving the same, Defendant states that her debts on or around
April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward.**
**Either the debts were the same listed in her bankruptcy as when she entered into the**
**Confession of Judgement, or they were not. If they are not, then provide the debts that**
**were present at the time the debtor enter into Confession of Judgement. Similar is not the**
**same. Provide the information requested in detail.**

**INTERROGATORY NO.2:** Referring to Attachment A titled Confession of Judgment.
State with picturality [sic] any and all assets including wages at the time you entered into the
Confession of Judgment dated 4/6/2021. Please provide the information using Schedule A/B of
the Bankruptcy Petition
**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts
to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure
or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's
General Objections, and without waiving the same, Defendant states that her assets on or around
April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward.**
**Either the assets were the same listed in her bankruptcy as when she entered into the**
**Confession of Judgement, or they were not. If they are not, then provide the assets that**
**were present at the time the debtor enter into Confession of Judgement. Similar is not the**
**same. Provide the information requested in detail.**

**INTERROGATORY NO.3:** Referring to Attachment A titled Confession of Judgment.
State with picturality [sic] any and all employment/income at the time you entered into the
Confession of Judgment dated 4/6/2021. Please provide the information using Schedule I of the
Bankruptcy Petition.

**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant states that her income on or around April 6, 2021, was substantially similar to that listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward. Either the income of the debtor same listed in her bankruptcy as when she entered into the Confession of Judgement, or it was not. If they are not, then provide the details of the income of the debtor at the time the defendant enter into Confession of Judgement. Similar is not the same. Provide the information requested in detail.**

**INTERROGATORY NO.4:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any and all expenses at the time you entered into the Confession of Judgment dated 4/6/2021. Please provide the information using Schedule J of the Bankruptcy Petition.
**ANSWER:** Objection. This Interrogatory is unduly burdensome as phrased and attempts to impose requirements for form of answer not indicated in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant states that her expenses on or around April 6, 2021, were substantially similar to those listed in her sworn Bankruptcy Petition.

**Notice to Cure: Non-Responsive**

**The answer provided is nonresponsive. The question it is simple and straightforward. Either the expenses were the same listed in her bankruptcy as when she entered into the Confession of Judgement, or they were not. If they are not, then provide the expenses that were present at the time the debtor enter into Confession of Judgement. Similar is not the same. Provide the information requested in detail.**

**INTERROGATORY NO.5:** Referring to Attachment A titled Confession of Judgment. State with picturality [sic] any conversation, email or any other form of communication that you as the debtor were able to make the monthly payment as observed in Attachment A.
**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.6:** Compare and contrast the debt you as the debtor owed at the time you entered into the Confession of Judgment date [sic] 4/6/2021 and the debt listed on your Bankruptcy Petition and state what additional debt you as the debtor incurred with the exception of the Confession of Judgment from 4/6/2021 to the date of your filing for bankruptcy.
**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague

as phrased. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, see Answer to Interrogatory No. 1, above.

**INTERROGATORY NO.7:** Provide any information, email, conversation or any other communication representing you were able to pay the $150 per month as observed in the Confession of Judgment dated 4/6/2021 was not a false representation.
**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.8:** Provide any information, email, conversation or any other communication that representation you made to pay the $150 per month as observed in the Confession of Judgment dated 4/6/2021 was not a representation that was made with the intent to deceive the creditor so the creditor would not obtain a judgment against you.
**ANSWER:** Objection. This Interrogatory is overly broad, unduly burdensome, and vague as phrased. This Interrogatory also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not recall any conversations that took place regarding this topic.

**INTERROGATORY NO.9:** Provide in detail what steps the Bonding company [sic] would take if you did not enter into the Confession of Judgment date [sic] 4/6/2021.
**ANSWER:** Objection. This Interrogatory calls for, at least in part, pure conjecture and speculation. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant does not have sufficient information and is not qualified to speculate on what actions Plaintiff may or may not have taken had Defendant not signed the Confession of Judgment.

**INTERROGATORY NO.10:** Please provide any information, email, conversation, or any other communication that you are aware of where the creditor relied on the statements made by you or a representation for you that the creditor reliance on your statement was justifiable.
**ANSWER:** Objection. This Interrogatory is, at least in part, vague and overly broad. Notwithstanding these objections or Defendant's General Objections, and without waiving the same, Defendant has no information as to if or how Plaintiff might have perceived unspecified communications with their representatives.

**REQUEST NO. 1:** Provide any document to support the answer you submitted for Interrogatory No. 1.
**RESPONSE:** See Defendant's Answer to Interrogatory No. 1. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 2:** Provide any document to support the answer you submitted for Interrogatory No. 2.
**RESPONSE:** See Defendant's Answer to Interrogatory No. 2. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 3:** Provide any document to support the answer you submitted for Interrogatory No. 3.
**RESPONSE:** See Defendant's Answer to Interrogatory No. 3. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 4:** Provide any document to support the answer you submitted for Interrogatory No. 4.
**RESPONSE:** See Defendant's Answer to Interrogatory No. 4. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 5:** Provide any document to support the answer you submitted for Interrogatory No. 5.
**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 5.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 6:** Provide any document to support the answer you submitted for Interrogatory No. 6.
**RESPONSE:** See Defendant's Answer to Interrogatory No. 6. The only document referenced therein is Defendant's publicly-available bankruptcy filings, of which Plaintiff is presumed to already have copies.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**


**REQUEST NO. 7:** Provide any document to support the answer you submitted for Interrogatory No. 7.
**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 7.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**
**REQUEST NO. 8:** Provide any document to support the answer you submitted for Interrogatory No. 8.
**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 8.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 9:** Provide any document to support the answer you submitted for Interrogatory No. 9.
**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 9.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**REQUEST NO. 10:** Provide any document to support the answer you submitted for Interrogatory No. 10.
**RESPONSE:** None. See Defendant's Answer to Interrogatory No. 10.

**Notice to Cure: Non-Responsive.**

**Plaintiff is not in possession of any documents. No documents were provided. The request was for the documents as referred to in interrogatory 1. Provide the documentation as requested at the time the gutter entered into the confession of judgment.**

**/s/ Larry J. Laver**
**ARN 317731**
**724 Bielenberg Blvd. Suite 26**
**Woodbury, Minnesota 55125**
**Larryjlaver23@msn.com**
**651-653-1616**
**Fax upon request**

# EXHIBIT C

**From:** McCourtney, Heather L <HMcCourtney@cozen.com>
**Sent:** Monday, October 31, 2022 4:26 PM
**To:** Nesset, Joel D. <JNesset@cozen.com>
**Subject:** Message
**Importance:** High

From John Laver (651-238-4190 or via email) in Larry Bail Bond v. Rankin. You were supposed to talk to your client about mediation or potential settlement back on the 19th as well as his notice to cure but he hasn't heard anything from you since then. He wants a response by <u>noon</u> tomorrow or he will file a Motion to Compel.



**Heather McCourtney**
**Legal Practice Assistant | Cozen O'Connor**
33 South 6th Street, Suite 3800 | Minneapolis, MN 55402
P: 612-260-9032
Email | Map | cozen.com

# EXHIBIT D

**From:** John Laver <<u>larryjlaver23@msn.com</u>>
**Sent:** Friday, November 4, 2022 12:33 PM
**To:** Nesset, Joel D. <<u>JNesset@cozen.com</u>>
**Subject:** Re: Liberty Bail Bond Agency v. Rankin

**\*\*EXTERNAL SENDER\*\***

I will file my motion to compel this weekend with a request for attorney fees

*L. John Laver*
*Laver Law Office P.A.*
*The Reserves*
*724 Bielenberg Drive, Suite 26*
*Woodbury, MN 55125*
*Phone Number (651) 653-1616 FAX (800) 887-2270*

*NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. ???? 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. This email is not, nor shall it be deemed to be, legal advice or counsel, unless the recipient already has an attorney-client relationship with the firm or me. This email does not create an attorney-client relationship. In addition this e-mail is a form of negotiations and my not be attached into court.*

---

**From:** Nesset, Joel D. <<u>JNesset@cozen.com</u>>
**Sent:** Friday, November 4, 2022 12:29 PM
**To:** John Laver <<u>larryjlaver23@msn.com</u>>
**Subject:** RE: Liberty Bail Bond Agency v. Rankin

Please see the attached.



**Joel D. Nesset**
**Member | Cozen O'Connor**
33 South 6th Street, Suite 3800 | Minneapolis, MN 55402
P: 612-260-9007 F: 612-260-9087
<u>Email</u> | <u>Bio</u> | <u>Map</u> | <u>cozen.com</u>

**From:** John Laver <<u>larryjlaver23@msn.com</u>>
**Sent:** Tuesday, November 1, 2022 4:48 PM
**To:** Nesset, Joel D. <<u>JNesset@cozen.com</u>>
**Subject:** Re: Liberty Bail Bond Agency v. Rankin

**\*\*EXTERNAL SENDER\*\***

I will wait until Friday before I file.

*L. John Laver*
*Laver Law Office P.A.*
*The Reserves*
*724 Bielenberg Drive, Suite 26*
*Woodbury, MN 55125*
*Phone Number (651) 653-1616 FAX (800) 887-2270*

*NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. ???? 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. This email is not, nor shall it be deemed to be, legal advice or counsel, unless the recipient already has an attorney-client relationship with the firm or me. This email does not create an attorney-client relationship. In addition this e-mail is a form of negotiations and my not be attached into court.*

**From:** Nesset, Joel D. <JNesset@cozen.com>
**Sent:** Tuesday, November 1, 2022 10:29 AM
**To:** larryjlaver23@msn.com <larryjlaver23@msn.com>
**Subject:** Liberty Bail Bond Agency v. Rankin

Hello Larry,

Please be advised that Ms. Rankin just had a baby, and it has caused some scheduling complications. We are working through these issues, and will respond to your notice to cure within two weeks. We are also going to discuss the possibility of mediation with our client, and will get back to you as soon as possible on that question.



**Joel D. Nesset**
**Member | Cozen O'Connor**
33 South 6th Street, Suite 3800 | Minneapolis, MN 55402
P: 612-260-9007 F: 612-260-9087
Email | Bio | Map | cozen.com

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without**

*reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*


*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

# EXHIBIT E



**Joel D. Nesset**
Direct Phone 612-260-9007
Direct Fax    612-260-9087
jnesset@cozen.com

November 4, 2022

**VIA EMAIL LARRYJLAVER23@MSN.COM AND U.S. MAIL**

Larry John Laver
The Reserves
724 Bielenberg Drive, Suite 26
Woodbury, MN 55125

Re:     Response to Notice to Cure
        *Liberty Bail Bond Agency v. Samaj Roane Rankin*, Adv. Case No. 22-4038

Dear Mr. Laver:

After careful review of your October 18, 2022 Notice to Cure, in which you have asserted various objections to Defendant's answers to discovery in the above-referenced matter, we respond as follows:

**<u>Requests for Admission</u>**

**Generally:** You have asserted a general objection on the grounds that "if you provided an answer "denied" you were requested to provide any evidence or an explanation of why you answered in the negative." It does not appear to us that any such request was actually made, but more importantly, if it were made, it would impose obligations beyond those contemplated under Rule 36 of the Federal Rules of Civil Procedure, made applicable to this matter by operation of Rule 7036 of the Federal Rules of Bankruptcy Procedure. Accordingly, we will not be supplementing any answers to provide "any evidence or an explanation of why [Defendant] answered in the negative."

**Request for Admission No. 1:** You have asserted that the answer to this request was non-responsive. The response "denied," is directly responsive to the request, and is entirely unambiguous. and there is no requirement under the rules or any request in the Requests for Admission that Ms. Rankin provide any evidence, explanation, or documentation related to her response. The Notice to Cure as it relates to Request for Admission No. 1 is therefore misplaced, and no amendment or cure will be made.

**Request for Admission No. 2:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 3:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 4:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 5:** You have asserted that the answer to this request was non-responsive. The response "denied," is directly responsive to the request, and is entirely unambiguous. The Notice to Cure as it relates to Request for Admission No. 5 is therefore misplaced, and no amendment or cure will be made.

**Request for Admission No. 6:** You have asserted that the answer to this request was non-responsive. The response "denied," is directly responsive to the request, and is entirely unambiguous. The Notice to Cure as it relates to Request for Admission No. 6 is therefore misplaced, and no amendment or cure will be made.

**Request for Admission No. 7:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 8:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 9:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 11:** See attached Amended Responses to Plaintiff's First Set of Requests for Admissions.

**Request for Admission No. 16:** You have asserted that the answer to this request was defective because no evidence or explanation was provided. As noted above, there is no obligation to provide any such evidence or explanation. The Notice to Cure as it relates to Request for Admission No. 16 is therefore misplaced, and no amendment or cure will be made.

**Request for Admission No. 17:** You have asserted that the answer to this request was defective because no evidence or explanation was provided. As noted above, there is no obligation to provide any such evidence or explanation. The Notice to Cure as it relates to Request for Admission No. 17 is therefore misplaced, and no amendment or cure will be made.

## <u>Interrogatories</u>

We disagree with all of your objections to Defendant's Answers to Plaintiff's First Set of Interrogatories. Defendant provided reasonable and responsive answers to all interrogatories, and no amendments or cures will be made.

## <u>Requests for Production</u>

We disagree with all of your objections to Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents. Defendant's investigation is continuing, and additional

responsive documents will be produced to the extent required under Rule 34 of the Federal Rules of Civil Procedure if and when such documents are discovered. Defendant would further note that a number of her responses cited to her publicly available bankruptcy filings. Because Plaintiff's interrogatories that were incorporated into the document requests repeatedly referenced various portions of Defendant's bankruptcy schedules, we reasonably concluded that Plaintiff was actually in possession of Defendant's petition, schedules, and other related filings. As Plaintiff now represents that it "is not in possession of any documents," we have attached the bankruptcy filings that were relevant to Plaintiff's interrogatories, and therefore within the scope of the document requests.

Sincerely,

COZEN O'CONNOR

By:     Joel D. Nesset

JDN

enc

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| _____ | |
| LIBERTY BAIL BOND AGENCY, | Adv. Case No. 22-04038 |
| Plaintiff, | |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## DEFENDANT SEMAJ ROANE RANKIN'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

<u>TO:</u> <u>PLAINTIFF ABOVE NAMED AND ITS COUNSEL OF RECORD, LARRY JOHN LAVER, ESQ., 724 BIELENBERG BLVD., SUITE 26, WOODBURY, MN 55125.</u>

Pursuant to Rule 36 of the Federal Rule of Civil Procedure and Rule 7036 of the Federal Rules of Bankruptcy Procedure, Defendant Semaj Roane Rankin ("Defendant") submits the following Amended Responses to the Requests for Admission propounded by Plaintiff Liberty Bail Bond Agency ("Plaintiff"). To the extent not inconsistent with these Amended Responses, Defendant reasserts the objections and responses provided in her September 30, 2022 Responses to Plaintiff's First Set of Requests for Admission, and incorporates the same herein by this reference.

### AMENDED RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 2:** You admit and confirm that your debt at the time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 3:** You admit and confirm that your assets at time you entered into the Confession of Judgment shown as attachment "A", was the same as when you filed your bankruptcy.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 4:** You admit and confirm that your assets at the time you entered into Confession of Judgment shown as attachment "A" dated 4/6/2021, was less than the wage you earned at the time you filed your bankruptcy.

**RESPONSE:** Objection. This Request is overly broad and vague as phrased in that it provides no definition for the terms "assets" or "wage," or guidance on how the two might be measured or compared to each other. Without waiving such objection or any previously stated general objections, Defendant denies Request for Admission No. 4.

**REQUEST FOR ADMISSION NO.7:** You admit and confirm the creditor Liberty Bail Bond relied on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown as attachment "A".

**RESPONSE:** Objection. This Request is overly broad, speculative, and vague as phrased. This Request also misstates the content of the Confession of Judgment, which does not contain any representation regarding ability to pay. Without waiving these objections or any previously-stated general objections, Defendant answers as follows: Defendant lacks the knowledge or information necessary to admit or deny Request for Admission No. 7. Defendant made a reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny the truth of the statement.

**REQUEST FOR ADMISSION NO.8:** You admit and confirm the creditor Liberty Bail Bond suffered damages because of they [sic] reliance that you made as shown as Attachment "B".

**RESPONSE:** Defendant objects to Request for Admission No. 8 on the grounds that it is vague and cannot be either admitted or denied as written. Therefore, no response is provided.

**REQUEST FOR ADMISSION NO. 9:** relied [sic] on the representation that the statement made by you that you can afford to pay $150 per month as observed in the confession of judgment dated 4/6/2021 also shown at Attachment "A".

**RESPONSE:** Defendant objects to Request for Admission No. 9 on the grounds that it is vague and cannot be either admitted or denied as written. Therefore, no response is provided.

**REQUEST FOR ADMISSION NO. 11:** You admit and confirm Liberty Bail Bond suffered damages because of their reliance that you made as shown as Attachment "B".

**RESPONSE:** Defendant objects to Request for Admission No. 11 on the grounds that it is vague and cannot be either admitted or denied as written. Therefore, no response is provided.

Dated: November 4, 2022

**COZEN O'CONNOR**

By: /s/ Heather L. Marx
Thomas G. Wallrich (213354)
Heather L. Marx (#321163)
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9000
Fax: 612-260-9080
twallrich@cozen.com
hmarx@cozen.com

**ATTORNEYS FOR DEFENDANT**
**SEMAJ ROANE RANKIN**

By: /s/ Jiayuan "Kirby" Li
Jiayuan "Kirby" Li
Li000055@stthomas.edu

By: /s/ Troy Dobbs
Troy Dobbs
Tjdobbs@stthomas.edu
30 S. 10th Street, Suite 100
Minneapolis, MN 55403-2009
Telephone: 651-962-4804
Fax: 651-962-4969

**CERTIFIED LAW STUDENT**
**PRACTITIONERS FOR DEFENDANT**
**SEMAJ ROANE RANKIN**

LEGAL\60212799\2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |

LIBERTY BAIL BOND AGENCY,

              Plaintiff,                              Adv. Case No. 22-04038

v.

SEMAJ ROANE RANKIN,

              Defendant.

---

## ORDER DENYING MOTION TO COMPEL

---

       This case came before the Court on the Plaintiff's motion to compel. Based on the motion and all of the files, records, and proceedings in this case,

       **IT IS ORDERED:**

       Plaintiff's motion to compel is denied in its entirety.

                            BY THE COURT:

Dated: _____

                            _____
                            Hon. Kesha L. Tanabe
                            United States Bankruptcy Judge