# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## ANSWER AND MEMORANDUM OF LAW OPPOSING DEFENDANT'S MOTION TO DISMISS

Plaintiff Liberty submits this Memorandum of Law in support of the opposition the the defendant's motion to Dismiss.

## **ARGUMENT**

The Defendant has stated "Because the Complaint filed by Plaintiff Liberty Bail Bond Agency ("Liberty") in this adversary proceeding (the "Complaint") fails to state a claim on which relief can be granted", this of course is not true, the case uses well established and federal bankruptcy statutes to file the claim.

In this case, Liberty seeks relief on facts that, even if considered true, do not entitle it to relief as a matter of law. Because Liberty is precluded by statute for recovering on the grounds alleged, the Complaint is properly dismissed with prejudice.

In our case the court cannot even get to the core issue until discovery a deposition it's completed . The plaintiff has stated the facts to open the case and we'll rely on discovery in order to further the complaint. It is painful to defense is trying to say to the court I will not answer discovery I will not answer interrogatories I will not produce one single bit of documents and then rely their own noncooperation to state this case should be dismissed.

This defense also talks about the financial conditions of the defendant when faced with this type of motion. Yet, the plaintiff is unwilling to produce one single thread of a document that supports their claim. Here again the defense is not producing discovery they're relying on that for their motion to dismiss. The plaintiff has asked of the defendant very specific questions of what was the defendants assets and her wage at the time she entered into the confessional judgment and compare that to the wages and debt at the time she filed bankruptcy. The defendant's response was it was similar. That does not answer the interrogatory. The interrogatory was specific and it's either because of laziness or they do not wish to expose through discovery that would lead the plaintiff to file a summary judgment.

What the point of have requested it's not out of the ordinary it's not overburdensome it's not vague. It is to resolve issues that is currently before the court. How can any court grant a motion to dismiss when discovery has not been answered.

The plaintiff has a right to discovery, answers to interrogatories and answers to admissions. Simply stated a motion to dismiss at this time is not ripe. The plaintiff cannot go further without the court's help to compel discovery.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests the Court to deny defendant's motion to dismiss and granting such further relief as may be just and equitable.

Dated: D e c e m b e r  6 , 2 0 2 2

    /e/ Larry J. Laver
Larry J. Laver (#0317731)
724 Bielenberg Blvd
Suite 26
Woodbury , Minnesota 55125
Phone 651-653-1616
Email Larryjlaver23@msn.com
Attorney for the Plaintiff

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

**ORDER DISMISSING ADVERSARY PROCEEDING**

This case came before the Court on the Debtor's motion to dismiss. Based on the motion and all of the files, records, and proceedings in this case,

**IT IS ORDERED:**

The above-referenced adversary proceeding is dismissed with prejudice.

BY THE COURT:

Dated: _____

Hon. Kesha L. Tanabe
United States Bankruptcy Judge