# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

## SUPPLEMENTAL ANSWER AND MEMORANDUM OF LAW OPPOSING DEFENDANT'S MOTION TO DISMISS

Plaintiff Liberty submits this Memorandum of Law in support of the opposition the defendant's motion to Dismiss.

## **ARGUMENT**

One of the rational stated by the defendant was the Plaintiff did not meet and confer nor file a certification of settlement efforts.

A certification is file normally within 24 hours of the motion date.

The Plaintiff In this case, has filed a certificate of settlement efforts.

The Defendant cannot have it both ways. The defendant cannot request the Court to dismiss the Motion of the Plaintiff based on (at that time) a certification of settlement efforts was not entered into court. And sat on their hands for the motion to dismiss and never even

attempted to settle this case. The rule is the party bring the motion has the burden to reach out in the settlement efforts.

Liberty, form the first time at the initial meeting in the court house discussed mediation with opposing counsel. The asked both parties if they are willing to mediate. The attorney for the Plaintiff stated they would. The attorney for the defendant basely stated, "we will get back to you". The attorney for the plaintiff called opposing counsel and sent opposing counsel emails. This would not be consider a good faith effort.

The attorney for the defendant has not reached out even once to attempt to settle this case. Not even making an attempt but an e-mail or a phone call could not be considered a good faith attempt on the part of the defendant. These guiding legal principles require that the Court deny the motion to dismiss for a number of independent reasons. First, the defendant did not include the certification of settlement efforts required by Rule 37(a). That, by itself, requires denial of the Motion. *See In re Johnson*, 408 B.R. at 119-20; *In re Trevino*, 564 B.R. at 911.

Second, the record establishes the defendant never even attempted to meet and confer in good faith in an effort to avoid vexing the Court with this Motion. This is not the good faith, cooperative effort required either by the Rules or the case law. *See In re Trevino*, 564 B.R. at 904; *In re Johnson*, 408 B.R. at 119-20; *In re Lisse*, 565 B.R. at 909.

## **CONCLUSION**

Based on the foregoing (both the answer to the motion to dismiss and the setlemental answer to the motion to dismiss), the Plaintiff respectfully requests the Court to deny defendant's motion to dismiss and granting such further relief as may be just and equitable.

Dated: 1 2 / 1 2 / 2 0 2 2

  /e/ Larry J. Laver
Larry J. Laver (#0317731)
724 Bielenberg Blvd
Suite 26
Woodbury, Minnesota 55125
Phone 651-653-1616
Email Larryjlaver23@msn.com
Attorney for the Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| SEMAJ ROANE RANKIN | Bankr. Case No. 22-40984 |
| Debtor. | Honorable Judge Kesha L. Tanabe |
| LIBERTY BAIL BOND AGENCY, | |
| Plaintiff, | Adv. Case No. 22-04038 |
| v. | |
| SEMAJ ROANE RANKIN, | |
| Defendant. | |

**ORDER DISMISSING THE MOTION TO DISMISS**

This case came before the Court on the Debtor's motion to dismiss. Based on the motion and all of the files, records, and proceedings in this case,

**IT IS ORDERED:**

The above-referenced adversary proceeding is DENIED.

BY THE COURT:

Dated: _____

_____
Hon. Kesha L. Tanabe
United States Bankruptcy Judge