UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No. 22-40984 KLT |
| Semaj Roane Rankin, | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| Liberty Bail Bond Agency, | |
| Plaintiff, | Adv. No. 22-04038 |
| v. | |
| Semaj Roane Rankin, | |
| Defendant. | |

## MEMORANDUM DECISION AND ORDER

This matter came before the Court on a motion to dismiss the complaint (the "Motion") filed by Debtor/Defendant. [ECF No. 23.] In opposition to the motion, Plaintiff filed a response, a supplemental response, and an affidavit. [ECF Nos. 25–27.] The Court held a hearing on December 14, 2022. Larry J. Laver appeared for Plaintiff. Joel D. Nesset, Jiayuan "Kirby" Li, and Troy Dobbs[1] appeared for Debtor.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. Both parties consented to

---

[1] Mr. Li and Mr. Dobbs, law students at the University of St. Thomas School of Law, appeared as certified student attorneys pursuant to Local Rule 9010-3(d). [ECF Nos. 8, 9.]

entry of final orders and judgment by the bankruptcy court in this matter. [ECF Nos. 10 and 11.] For the reasons stated herein, the Motion is granted.

## BACKGROUND

Plaintiff is a bail bonds company who asserts a general unsecured claim against Debtor in the amount of $4,638. [ECF No. 1 (the "Complaint" or "Compl."), ¶ 1.] Plaintiff posted a bail bond for a third party named in the Complaint. [Compl. ¶ 5.] Debtor co-signed for the posted bond and agreed to indemnify Plaintiff. [Compl. ¶ 6.] The bonded defendant did not appear for the hearing and the surety bond was forfeited. [Compl. ¶ 7.] As a result, Plaintiff paid $25,000 to the Superior Court of Gila County. Id.

The Complaint states that Debtor subsequently agreed to pay to Liberty Bail Bonds $150 per month[2] on or before the 15th of each month, starting on April 15, 2021, until the total amount of $25,000 is paid in full. [Compl. ¶ 8.] Debtor made four payments starting on April 15, 2021 and ending on July 14, 2021. [Compl. ¶ 14.] Plaintiff alleges that Debtor "made statements to Liberty Bail Bong [sic] agency [and] that she could not afford the entire $25,000 but could pay the amount of $150 per month." [Compl. ¶ 15.] Plaintiff alleges the statements were made "in exchange for Liberty Bail Bond Agency to not file a legal action against her to obtain a judgment." [Compl. ¶ 16.] Plaintiff contends Debtor "knew the statement was false," because "[s]he was unable to pay her rent and her student loans and

---

[2] Debtor and another co-signer jointly agreed to pay $300 per month, with each paying $150 per month.

2

other outstanding debt before and after she entered into the Confession of Judgement [sic]." [Compl. ¶ 17.] Plaintiff states that it "relied on her statements and was induced to incur expenses for their attorney to write up the Confession of Judgement [sic], collect the money from each party, Bank Levies and garnishments." [Compl. ¶ 20.]

**DISCUSSION**

Debtor moved to dismiss the complaint for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b). Because Debtor first filed an answer [ECF No. 5] and then moved to dismiss [ECF No. 23], the motion technically should have been captioned a motion for judgment on the pleadings, which is also permitted in adversary proceedings pursuant to Fed. R. Civ. P. 12(c) and (h)(2) and Fed. R. Bankr. P. 7012(b). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). But this is arguably a distinction without a difference in this case. The Court reviews a motion for judgment on the pleadings by the same standard as a motion to dismiss for failure to state a claim. Id.

To survive a motion to dismiss—or a judgment on the pleadings—the complaint must contain sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility if the factual content in the complaint would allow the Court to draw a reasonable inference of the defendant's liability. Id. Furthermore, "a formulaic recitation of the elements of a cause of action will not

3

do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must show a plausible right to the relief sought.

For a debt to be nondischargeable under § 523(a)(2)(A), a creditor must establish that "(1) the debtor made a representation, (2) with knowledge of its falsity, (3) deliberately for the purpose of deceiving the creditor, (4) who justifiably relied on the representation, which (5) proximately caused the creditor damage." In re Juve, 761 F.3d 847, 851 (8th Cir. 2014) (quoting In re Treadwell, 637 F.3d 855, 860 (8th Cir. 2011)). A creditor must establish the elements of a nondischargeability claim by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

Critically, however, the plain language of § 523(a)(2)(A) makes clear that it only applies to "false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's . . . financial condition.*" 11 U.S.C. § 523(a)(2)(A) (emphasis added). The Supreme Court has held that "a statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1761 (2018). Stated differently, if the allegedly false statements relate to the debtor's financial status, then a creditor must pursue relief under § 523(a)(2)(B). In re Ophaug, 827 F.2d 340, 342-43 (8th Cir. 1987) (explaining that the two subsections of § 523(a)(2) are mutually exclusive).

In this case, the Complaint seeks relief under § 523(a)(2)(A) only. [Compl. ¶ 3.] The Complaint is predicated upon allegedly false statements about Debtor's

4

ability to make monthly payments [Compl. ¶¶ 14–16], upon which Plaintiff allegedly relied when it incurred legal expenses and decided which collection efforts to undertake in 2021. [Compl. ¶ 20.] Even if all of the foregoing statements by Debtor were materially false, they are all statements related to her overall financial condition and, thus, not actionable as a matter of law under § 523(a)(2)(A).[3]

Accordingly, IT IS ORDERED:

1. The motion to dismiss the adversary proceeding is granted.
2. The adversary proceeding is dismissed with prejudice.

DATED: December 16, 2022

*/e/Kesha L. Tanabe*

Kesha L. Tanabe
United States Bankruptcy Judge

---

[3] The Complaint also does not allege that any of these statements were made in writing, see § 523(a)(2)(B), and did not assert that it could cure any pleading deficiencies through amendment.